# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ANTHONY JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3497    Cheryl A. Blackburn, Judge**

---

**No. M2004-01997-CCA-R3-HC - Filed January 24, 2005**

---

In this case, the Appellant, Anthony Jackson, has appealed from the trial court's order summarily dismissing, without an evidentiary hearing, his petition for writ of habeas corpus. The State has filed a motion for the trial court's judgment to be affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Anthony Jackson, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Jennifer Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

From the record available, it appears that Appellant pled guilty in the Criminal Court of Shelby County to his indicted charge of attempted second degree murder and received a sentence of eight years pursuant to a negotiated plea agreement. He alleges in his habeas corpus petition, and it is substantiated in the petition for acceptance of his negotiated plea agreement, that he was to serve the sentence in the Shelby County Correctional Center. The judgment form pertaining to this conviction shows the place of confinement was to be the Tennessee Department of Correction. It also shows that at some point, the box on the form indicating confinement at the "workhouse" was checked, but marked out and initialed, apparently by Appellant's attorney and the assistant district attorney general.

Appellant filed a petition for post-conviction relief in Case No. P-24395 in the Shelby County Criminal Court. A copy of that post-conviction petition is not in the record, but the transcript of a court proceeding in that case was attached to the habeas corpus petition.

The post-conviction hearing was in December 2002, approximately two years after the petition for post-conviction relief was filed. Appellant was represented by counsel. No proof was taken, but the State, represented by an assistant district attorney general, in effect, joined in with Appellant on his petition for post-conviction relief and admitted that Petitioner had valid grounds to be granted relief. The post-conviction trial court, Judge Axley, accepted this concession by the State, and made it explicitly clear that Appellant's petition for post-conviction relief was granted, and the guilty plea and the conviction were set aside. At the conclusion of the hearing, the post-conviction court told Appellant's attorney to draw up a finding of fact and conclusion of law to reflect the trial court's ruling granting the petition for post-conviction relief. In his habeas corpus petition, Appellant states that no order has ever been entered by the post-conviction court setting aside his conviction, despite the ruling of the judge in open court. He further alleges that he is still confined in the Tennessee Department of Correction.

In its order dismissing the petition for habeas corpus relief, the Davidson County Criminal Court noted that the judgment of conviction attached to the habeas corpus petition was not void on its face, and with this conclusion, we agree. Furthermore, since no order of the post-conviction court's proceedings has been entered, there is nothing in the record to confirm that the judgment of conviction has been set aside. Also, the petition for habeas corpus relief, while signed by Appellant, was not verified by affidavit. Tennessee Code Annotated section 29-21-107(a) explicitly states that a petition for habeas corpus relief "shall" be signed **and** "verified by affidavit."

Furthermore, the habeas corpus petition fails to state that the legality of the restraint (after post-conviction proceedings) has not be previously adjudged (Tenn. Code Ann. § 29-21-107(b)(3)) or state that this is the first application for the writ (or if it is not, a copy of the previously application and proceedings is attached and if not, appropriate explanation is given therefore). (Tenn. Code Ann. § 29-21-107(b)(4)). Failure to follow these mandatory provisions of Tennessee Code Annotated section 29-21-107 justifies summary dismissal of the petition by the trial court. *Smith v. State*, No. W2001-01457-CCA-R3-CD, 2002 WL 31259447 at *2, (Tenn. Crim. App., at Jackson, Sept. 10, 2002), *no app. perm. to appeal filed*.

Accordingly, Appellant's petition for habeas corpus relief was appropriately dismissed by the trial court without a hearing.

**CONCLUSION**

The judgment in this case was in a proceeding before the trial court without a jury, the judgment is not a determination of guilty, and the evidence does not preponderate against the ultimate finding of the trial court that the petition should be dismissed. Furthermore, no error of law

requiring a reversal of the judgment is apparent on the record.  Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE